UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KRISHAN AHUJA,

Plaintiff,

v.

WESTERN UNITED INSURANCE CO. d/b/a AAA NEVADA INSURANCE CO.,

Defendant.

Case No. 3:13-cv-00038-MMD-VPC

ORDER

(Def.'s Motion to Dismiss – dkt. no. 3)

## I. SUMMARY

Before the Court is Defendant Western United Insurance Company d/b/a AAA Nevada Insurance Company's ("Western United") Motion to Dismiss Plaintiff's Claims for Bad Faith and Punitive Damages. (Dkt. no. 3.) For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

This case arises out of the alleged wrongful denial of underinsured motorist insurance benefits. The Complaint alleges the following facts. On or about May 4, 2011, Plaintiff Krishan Ahuja was struck by Pedro Mendoza, a negligent third-party driver, and Plaintiff suffered serious injuries. Allstate Insurance Company provided Mendoza coverage and tendered Mendoza's policy limit of $15,000 to Plaintiff. Prior to the accident, Plaintiff had purchased an automobile insurance policy from Defendant Western United for uninsured/underinsured motorist ("UIM") coverage. Plaintiff's coverage included a $5,000 medical payment provision and $250,000 in UIM coverage.

Following the accident, Plaintiff demanded a payment from Defendant for personal injury and other economic losses. Defendant made an offer to Plaintiff on May 31, 2012, for $10,000. Plaintiff alleges that on that date, his medical bills totaled $68,755.56 and he has been advised to have further surgeries estimated to cost $94,112.00.

Plaintiff claims that Defendant should have provided the full policy amount. Defendant states that it tendered to Plaintiff $5,000 in medical payments. (Dkt. no. 3 at 2.) Plaintiff asserts four claims: (1) negligence; (2) breach of contract; (3) "breach of Nevada's statutory prohibitions against Unfair Trade Practices;"[1] and (4) breach of duty of good faith and fair dealing. Defendant seeks dismissal of Plaintiff's claims for breach of Nevada's statutory prohibitions against unfair trade practices and breach of its duty of good faith and fair dealing (collectively "claims for bad faith") under Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant seeks bifurcation of trial under Fed. R. Civ. P. 42 and of discovery.

## III.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

///

---

[1] The Court assumes that Plaintiff's statutory claim is based on Chapter 686A of the Nevada Revised Statutes, but Plaintiff does not state this explicitly nor does he direct the Court to a particular subsection. Instead, Plaintiff generally references the "Nevada Unfair Claims Practice Act" (dkt. no. 9 at 9), the "Nevada Unfair Claims Practices Act" and "Nevada's statutory prohibitions against Unfair Trade Practices" (dkt no. 2-1 ¶ 12).

factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

IV. **DISCUSSION**

A. **Dismissal of Claims for Bad Faith and Punitive Damages**

Defendant seeks dismissal of Plaintiff's claims for bad faith because they are premature. Under *Pemberton v. Farmers Insurance Exchange*, 858 P.2d 380 (Nev. 1993), an individual cannot bring a bad faith claim against her insurer until she has established a legal entitlement. A legal entitlement requires the insured to demonstrate fault by the tortfeasor and the extent of the damages, but does not require the insured to obtain a judgment against the tortfeasor prior to receiving proceeds. *Id.* at 384.

///

The question, therefore, is how, and at what point, the insured must demonstrate the underinsured motorist's fault and the extent of the insured's damages. Defendant relies on this Court's ruling in *Martin v. State Farm Mutual Automobile Insurance Co.*, 960 F. Supp. 223 (D. Nev. 1997), for the proposition that a bad faith claim either cannot be alleged or should be held in abeyance until there is final resolution on the contractual coverage claim. This Court's more recent decision in *Drennan v. Maryland Casualty Co.*, 366 F. Supp. 2d 1002 (D. Nev. 2005),[2] however, cites intervening Nevada Supreme Court law following the *Martin* decision and holds that "Nevada law does not require Plaintiffs to establish tortfeasor liability or the extent of damages as a matter of law prior to instituting a claim for bad faith." *Id.* at 1007. This Court reasoned that "[t]o find otherwise would require Plaintiffs to commence two separate suits even if the facts establish that [Defendant] breached the insurance contract and acted in bad faith within the same factual sequence. This would result in a waste of judicial resources when the parties otherwise could conduct discovery on both issues simultaneously." *Id.*

While this Court finds that it need not find tortfeasor liability and damages before allowing a claim for bad faith to proceed, a plaintiff does need to claim that the alleged tortfeasor was uninsured or underinsured, explain the extent of the damages, and that the defendant failed to act in good faith when it failed to compensate the plaintiff. *Id.* Plaintiff sufficiently pled all required elements of a bad faith claim in his Complaint. Plaintiff alleges that Mendoza was negligent (dkt. no. 2-1 ¶ 4), that Mendoza was underinsured (*id.* ¶ 5), that he had UIM insurance through Western United (*id.* ¶ 7), his current and estimated future damages (*id.* ¶ 10), and that Western United acted in bad faith when it failed to compensate him (*id.* ¶¶ 10, 12–14).

The Court therefore denies Defendant's request to dismiss the claims for bad faith.

///

---

[2] The Court notes that *Martin* and *Drennan* were decided by the same judge.

4

### B.  Bifurcation

Defendant asks that if the claims for bad faith proceed, the Court bifurcate discovery and trial.

#### 1.  Discovery

Defendant argues that joint discovery would lead to the unnecessary expenditure of the Court's resources. This argument rests in large part on its assertion that "[i]f Plaintiff does not prevail on his breach of contract claim, there can be no basis for concluding that Western Insurance Company acted in bad faith." (Dkt. no 3 at 10.) Plaintiff argues that losing his breach of contract claim would not necessarily be fatal to his claims for bad faith.

Defendant fails to demonstrate that failure on a breach of contract claim would preclude all of Plaintiff's claims for bad faith. "[A]ll contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 427 (2007). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). Even in the absence of a breach of contract, a plaintiff may still recover damages for breach of the implied covenant of good faith and fair dealing. *Id.* at 922. Defendant argues that the holding in *Hilton Hotels* applies narrowly to the "unique situation" in that case. (Dkt. no. 13 at 6.) The Court disagrees. Defendant makes no argument as to why a finding similar to that in *Hilton Hotels* would not be possible in this case.

Additionally, joint discovery will likely lead to more efficient resolution of the case as a whole, whether the case settles or proceeds to trial. In *Drennan*, this Court held that "[j]oint discovery is more convenient to the parties and would further judicial economy." 366 F. Supp. 2d 1002. The parties' discovery requests will likely overlap substantially for the various claims and the responses will provide essential information for the speedy

resolution of all claims. Additionally, any discovery disputes that arise would likely pertain to all claims and thus joint discovery will likely prevent duplicative work.

### 2. Trial

Defendant additionally asks that the contractual claims be tried separately from the bad faith claims. Defendant argues that the breach of contract claim is a threshold claim and that hearing all claims together would be prejudicial. The possibility of success on a good faith and fair dealing claim despite failure to demonstrate breach of contract is discussed above. In terms of prejudice, it is premature to make a determination concerning bifurcation at trial at this stage.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 3) is denied.

DATED THIS 23rd day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE